UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY SCOTT PRIELIPP,

    Petitioner,

v.                                                    Case No. 2:04-cv-229
                                                    HON. ROBERT HOLMES BELL

LINDA METRISH,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Jeffrey Scott Prielipp, filed this petition for writ of habeas corpus challenging the validity of his conviction. Petitioner was convicted of indecent exposure after a jury trial. Petitioner then pleaded guilty to being a third habitual sexually delinquent person. On March 31, 2004, petitioner was sentenced to a one day to life term of imprisonment after violating the terms of his probation.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

The petition raises the following issues:

      I.  Insufficiency of evidence

      II.  Prosecutorial misconduct

      III.  Juror bias

      IV.  Ineffective assistance of counsel

      V.  Unconstitutional sentence.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). In *Williams*, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court

decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that his directed verdict for acquittal should have been granted and there was no evidence to convict him of indecent exposure. Petitioner argues that the witness testified that she never saw petitioner's penis or testicles. Petitioner claims that his penis and

testicles were never outside his clothing and he was not masturbating. However, under Michigan law there is no requirement that the victim actually observe the petitioner's genitals. *People v. Vronko,* 228 Mich. App. 649, 657 (1998). Testimony that the defendant's legs were bare, his hand was moving in his crotch and it looked like something was in his hand, was sufficient to support an indecent exposure conviction. *Id.*

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that the evidence was sufficient to establish that petitioner committed the crime. The victim testified that she noticed petitioner sitting in a parked car next to her vehicle. Petitioner asked her for the time. The victim saw flesh and the petitioner's hand moving in a "vulgar" manner which she stated was "classic masturbation." Petitioner asked if the victim had a boyfriend. After the victim drove away the petitioner followed her. On cross examination the victim stated that she did not see petitioner's penis. Clearly, based upon the testimony of the victim, sufficient evidence was presented to support a guilty verdict.

Petitioner argues that the prosecutor improperly bolstered the complaining witnesses' credibility during closing argument by vouching for her testimony and stating that petitioner was untruthful. Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d

1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989).

The evidence in this case involved the testimony of the victim, and the testimony of petitioner. The victim testified that petitioner exposed himself and petitioner testified that he did not. Credibility of the victim and petitioner was an issue necessarily decided by the jury. During closing argument the prosecutor, when commenting on credibility, stated:

> And why Ms. Menlove would have any reason to have taken down his license plate number to have reported this to the police to have come to court to testify if she were mistaken or if she were lying.
>
> She was not mistaken. She was not lying. The defendant is lying. The defendant wants you and needs you to believe that he didn't do this because then he thinks you won't convict him of this.

Transcript, Jury Trial, Vol. II at 118-119. Improper vouching for a government witness occurs when the prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility. *United States v. Francis,* 170 F.3d 546, 551 (6th Cir.1999). Vouching either involves blunt comments, or comments that imply the prosecutor has special knowledge of facts. *Id*. The issue of whether the witness was telling the truth, lying or mistaken was brought up during defense counsel's closing argument. During rebuttal the prosecutor discussed the aspect of whether the witness was truthful or lying. Under these circumstances, petitioner received a fair trial and the prosecutor acted appropriately.

Petitioner claims that the court erred in failing to strike a biased juror. The juror, who became the foreman, had parked his car next to the victim's car and rode up the courthouse elevator

with the victim during the morning of jury selection. The juror had previously met the victim at a bar over a year before the trial. The juror had been introduced, but had forgotten the victim's name. The juror had left a note on the victim's car, but retrieved it before the victim received it and delivered the note to the court. The juror did not recognize the victim's name during voir dire, but recognized her when he saw her later. The juror indicated that he could be impartial and would base his decision solely on the evidence presented during trial. The prosecutor moved to strike the juror. Defense counsel did not join the prosecutor's motion. The court denied the motion.

When a juror is challenged as biased and partial, the court must consider factually whether the juror swore he could set aside any personal opinion he might hold and decide the case on the evidence presented, and the court must consider whether the juror's claim of impartiality should be believed. *Patton v. Yount*, 467 U.S. 1025, 1036 (1984). "[A] trial court's finding that a juror was impartial is entitled to a presumption of correctness, rebuttable only upon a showing of clear and convincing evidence." *Dennis v. Mitchell*, 354 F.3d 511, 520 (6th Cir. 2003); *Patton* at 1036. There has been no showing that the court erred in denying the prosecutor's motion to excuse the juror. Petitioner never joined the motion and his counsel made a strategic decision to not move to excuse the juror. It is now difficult for petitioner to argue juror bias when he did not believe the juror was biased at a time when he could have moved to have the juror excused.

Petitioner argues that he received ineffective assistance of counsel when his counsel failed to object during the prosecutor's rebuttal argument and when his counsel failed to move to excuse the alleged biased juror. In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142

F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

In the opinion of the undersigned, defense counsel was not ineffective. Defense counsel's decision not to object to the prosecutor's rebuttal was appropriate under the circumstances of this case. Similarly, defense counsel made a strategic decision not to move to strike the asserted

biased juror. It was the prosecutor who wanted the juror excused not petitioner. Petitioner has failed to show that he received ineffective assistance of counsel.

Petitioner argues that his sentence violated his constitutional rights. Petitioner argues that his sentence of one day to life imprisonment is disproportionate to his offense, violates equal protection, violated due process and improperly delegates judicial power to the executive branch. Petitioner did not receive this sentence because he was convicted of indecent exposure, rather petitioner received this sentence after pleading guilty to being a sexually delinquent person and then subsequently violating his probation. Petitioner has a history of crimes involving indecent exposure. Petitioner was convicted of being a sexually delinquent person which provides for the indeterminate sentence of one year to life imprisonment. *People v. Murphy*, 203 Mich App 738, 513 N.W.2d 451 (1994).

In *Lockyer v. Andrade*, 538 U.S. 63 (2003), the United States Supreme Court stated that the law regarding proportionality was not clearly established for purposes of a habeas analysis under § 2254(d)(1) except that a gross proportionality principle is applicable to a sentence for a term of years. *Id.* at 71. However, "in determining whether a particular sentence for a term of years can violate the Eighth Amendment, we have not established a clear or consistent path for courts to follow." *Id.* The Supreme Court stated:

> Our cases exhibit a lack of clarity regarding what factors may indicate gross disproportionality. In *Solem*. We stated: "it is clear that a 25-year sentence generally is more severe than a 15-year sentence, but in most cases it would be difficult to decide that the former violates the Eighth Amendment while the latter does not." And in *Harmelin*, both Justice KENNEDY and Justice SCALIA repeatedly empahsized this lack of clarity: that "*Solem* was scarcely the expression of clear . . . constitutional law," that in "adher[ing] to the narrow proportionality principle . . . our proportionality decisions have not been clear or consistent in all respects," that we "lack clear objective standards to

>  distinguish between sentences for different terms of years," and that the "precise contours" of the proportionality principle "are unclear."
>
>  Thus, in this case, the only relevant clearly established law amenable to the "contrary to" or "unreasonable application of" framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the "exceedingly rare" and "extreme' case.

*Id.* at 72-73 (citations omitted). The Supreme Court further noted that state legislatures have "broad discretion to fashion sentences that fit within the scope of proportionality principle – the 'precise contours' of which 'are unclear.'" *Id.* at 76.

Petitioner's one day to life sentence is clearly not grossly disproportionate to the crime of being a sexually delinquent person. In addition to this indecent exposure conviction, petitioner had been convicted of two incidents on April 17, 1990, which involved Army convictions for indecent liberties with a child under 16 years of age, and two November 1989 Army convictions for indecent exposure. Moreover, the Sixth Circuit has concluded that a sentence that falls within the maximum penalty authorized by statute "generally does not constitute cruel and unusual punishment." *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). Similarly, petitioner's equal protection and due process arguments fail because his conviction is based upon his past conduct in being convicted of multiple criminal acts. Further petitioner's separation of powers argument fails to raise a federal habeas concern. *Austin* at 302.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for

habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Petitioner has failed to show that he was convicted on insufficient evidence, that the prosecutor committed misconduct, that the court erred in not dismissing a juror that the prosecutor, not petitioner moved to dismiss, that he received ineffective assistance of counsel and that his sentence was unconstitutional. The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: September 19, 2007